## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| ) | Chapter 7 |
| JOHN B. EVEREST and ) | Case No. 10-21181 |
| SUSAN E. EVEREST, ) | |
| ) | |
| DEBTORS. ) | |
| ) | |
| ) | |
| WILLIAM H. HOWISON, in his ) | Adversary Proceeding |
| capacity as Chapter 7 Trustee of the ) | Case No. 12- |
| Bankruptcy Estate of John B. Everest ) | |
| and Susan E. Everest, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| and ) | |
| ) | |
| STATE OF MAINE, BUREAU OF ) | |
| REVENUE SERVICES, ) | |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT

NOW COMES Plaintiff, William H. Howison (the "Plaintiff" or the "Trustee"), in his capacity as Chapter 7 Trustee of the Bankruptcy Estate of John B. Everest and Susan E. Everest (the "Estate"), by and through undersigned counsel, and respectfully represents as follows:

## FILING DATE/PARTIES

1. John B. Everest and Susan E. Everest (the "Debtors") are individuals now or formerly residing in Kennebunkport, Maine.

2. The Debtors filed an original petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Code") on July 23, 2010 (the "Filing Date").

3. The Trustee is the duly appointed and acting Trustee in the Debtors' bankruptcy

case, Case No. 10-21181.

4.      Bank of America, N.A. is, upon information and belief, a national banking association with a place of business located at Bank of America, N.A., 150 Allegheny Center Mall, Pittsburgh, PA 15212 (together with its successors, affiliates, principals, predecessors-in-interest and assigns, "BOA").

5.      The State of Maine, Bureau of Revenue Services ("MRS") is an agency of the State of Maine with an office located in Augusta, Maine.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the Debtor's Chapter 7 bankruptcy case and the within adversary proceeding under 28 U.S.C. §§ 157(a) and 1334(a), and United States District Court for the District of Maine Civil Rule 83.6(a).

7.      The cause of action stated in this Complaint are core proceedings that may be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2)(A), (K) and (O). In the alternative, the cause of action stated in this Complaint is a proceeding arising in or related to a case under Title 11 and the Trustee consents to such matters being heard and determined by this Court pursuant to 28 U.S.C. §157(a) and (c)(1) and (2).

8.      The statutory predicates for relief are 11 U.S.C. § 101 et seq., including, but not limited to, 11 U.S.C. §§105, 541 and 542, and 14 MRSA §§6321 et seq.

9.      Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

10.      Prior to, and on the Filing Date, Debtor Susan B. Everest was the owner of record of certain real property with improvements thereon located at or about 18 Barbara's Way (sometimes known as/also known as 15 or 18 Isabella's Way), Kennebunkport, Maine and more particularly described in the attached Exhibit A (the "Property").

11.      Upon information and belief, on or about February 19, 2009, Countrywide Home Loans LP ("Countrywide") – the holder of an apparent second priority mortgage against the

2

Property – commenced an action to foreclose said mortgage in the Maine District Court, naming Debtor Susan Everest and Mortgage Electronic Registration Systems, Inc. ("MERS") (the holder of an apparent junior mortgage on the Property) as defendants.

12. Upon further information and belief, judgment (the "Countrywide Judgment") was entered in favor of Countrywide and against Debtor Susan Everest and MERS on May 10, 2010. A true and correct copy of the Countrywide Judgment is attached hereto as Exhibit B, and is incorporated herein by reference.

13. The Debtors filed their petition for relief on the Filing Date.

14. Upon information and belief, BOA is the successor in interest to Countrywide.

15. No foreclosure sale was ever conducted pursuant to the Countrywide Judgment.

16. On August 12, 2010, People's United Bank ("PUB") - the holder of an apparent first priority mortgage against the Property - obtained relief from stay in this Court to proceed with a state court foreclosure action against the Property.

17. PUB commenced a foreclosure case in the Maine District Court, naming Debtor Susan Everest as Defendant and BOA, MERS and MRS (the holder of filed tax liens against the Property) as parties in interest.

18. On August 30, 2010, the Trustee filed a Notice of Abandonment and final report in the within case, thereby abandoning the Estate's interest in the Property.

19. On March 22, 2011, People's obtained a foreclosure judgment (the "PUB Judgment") in its state court action. A true and correct copy of the PUB Judgment is attached hereto as Exhibit C, and is incorporated herein by reference.

20. As set forth in the PUB Judgment, MRS appeared in the action and filed a timely response to the foreclosure complaint. BOA, MERS and Susan Everest, despite being properly

3

served, failed to plead or otherwise defend in that action and, as a result, those parties were defaulted.

21.     No appeal was taken from the PUB Judgment and the PUB Judgment became final.

22.     The 90 day redemption period under state law expired on or about June 20, 2011, and PUB scheduled a public sale of the Property pursuant to the PUB Judgment for July 26, 2011.

23.     The Trustee learned of the impending sale from counsel for PUB.

24.     The Trustee filed a Motion in this Court to revoke his abandonment of the Property on July 7, 2011.

25.     The Debtors, through their counsel, consented to the Trustee's motion to revoke abandonment, and this Court entered its Order granting the Trustee's motion on July 20, 2011 [Docket No. 36](the "Revocation Order").  A true and correct copy of the Revocation Order is attached hereto as Exhibit D and is incorporated herein by reference.

26.     The Revocation Order expressly provided that the Property "is and shall constitute property of the estate under 11 U.S.C. §541…"

27.     However, prior to the scheduled sale of the Property, PUB cancelled the sale.

28.     Upon information and belief, the sale was cancelled because BOA paid off the PUB mortgage debt and took an assignment of the PUB loan documents and the PUB Judgment.

29.     On or about October 3, 2011, BOA filed a motion with the Maine District Court to set aside the Foreclosure Judgment pursuant to Maine Rule of Civil Procedure 60(b) (the "Rule 60 Motion") with the stated intention of then dismissing the foreclosure action.

4

30. BOA filed a related motion to substitute itself for PUB as the proper party plaintiff in the action (the "Motion to Substitute").

31. The Trustee filed an objection to the Rule 60 Motion, stating that BOA had failed to provide evidence that would support its requested relief under Rule 60(b).

32. On February 14, 2012, the District Court entered its order (the "District Court Order") granting the Motion to Substitute but denying the Rule 60 Motion. A true and correct copy of the District Court Order is attached hereto as Exhibit E and is incorporated herein by reference.

33. On March 8, 2012, BOA filed a notice of appeal with respect to the District Court Order with the Maine Supreme Judicial Court sitting as the Law Court.

34. On March 19, 2012, the Law Court entered its order dismissing BOA's appeal as untimely.

35. On or about March 26, 2012, BOA filed a motion for reconsideration with respect to the dismissal of its appeal with the Law Court.

36. The Trustee filed an objection to BOA's motion for reconsideration.

37. On April 10, 2012, the Law Court entered its order denying BOA's motion for reconsideration. As such, the District Court Order is now final.

38. Pursuant to the Code and the Revocation Order, the Property continues to be property of the Debtors' estate, but is now subject to the PUB Judgment, as confirmed by the District Court Order.

39. The Property may also be the subject of tax liens or claims assessed and/or filed by the Town of Kennebunkport.

40. On or about July 3, 2012, the Trustee filed a motion in this Court seeking

5

authority to sell the Property.

41. BOA objected to the motion to sell arguing that it has claims against the Property and that those claims are superior to the rights and claims of the Trustee in the Property.

## COUNT I – DECLARATORY JUDGMENT

42. The Trustee repeats and realleges the allegations set forth in Paragraphs 1-41 of the Complaint as if fully set forth herein.

WHEREFORE, the Trustee prays that this Court enter judgment (a) establishing the relative priorities of the parties in the Property, (b) determining the extent of the Trustee's right to sell the Property, and (c) establishing the relative rights of the parties in the proceeds of any sale of the Property, and (d) granting the Trustee such further and other relief as is appropriate and just.

## COUNT II – TURNOVER OF PROPERTY OF ESTATE

43. The Trustee repeats and realleges the allegations set forth in Paragraphs 1-41 of the Complaint as if fully set forth herein.

44. The Property constitutes property of the Debtors' bankruptcy estate.

WHEREFORE, the Trustee prays that this Court enter judgment requiring BOA, or any other party in possession of the Property, to (a) turn over any proceeds of the Property in such party's possession, and/or (b) to turn over possession of the Property and/or to provide such continuing access to, and control of, the Property as may be required or requested by the Trustee in order to administer the Property for the benefit of the estate, and (c) granting the Trustee such further and other relief as is appropriate and just.

Dated at Portland, Maine this 12th day of September, 2012.

        /s/ Joshua R. Dow
        Joshua R. Dow
        Aaron P. Burns
        Counsel to the Trustee
        Pearce & Dow, LLC
        Two Monument Square, Suite 901
        P.O. Box 108
        Portland, Maine 04112-0108
        (207) 822-9900
        jdow@pearcedow.com
        aburns@pearcedow.com