# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>John B. Everest and Susan E. Everest,<br><br>                Debtors | Chapter 7<br>Case No. 10-21181-PGC |
| William H. Howison, Chapter 7 Trustee,<br><br>                Plaintiff,<br><br>v.<br><br>Bank of America, N.A., et al.<br><br>                Defendants | Adversary Proceeding<br>Case No. 12-02034-PGC |

## TRUSTEE'S BRIEF IN SUPPORT OF ENTRY OF JUDGMENT AND REQUEST FOR SUPPLEMENTAL RELIEF PURSUANT TO 28 U.S.C. §2202

### INTRODUCTION

This case is on remand to the Bankruptcy Court from the U.S. District Court with a mandate to conduct further proceedings on the Trustee's Complaint consistent with the U.S. District Court's decision in Howison v. Bank of Am., N.A., 2014 U.S. Dist. LEXIS 75125 (D. Me. June 2, 2014) and the Law Court's decision in Bankr. Estate of Everest v. Bank of Am., N.A., 2015 ME 19 (collectively the "Appellate Decisions"). As directed by the Bankruptcy Court, the Trustee has submitted a proposed form of Judgment with this brief.

The Appellate Decisions require this Court to enter judgment declaring that the rights of the parties to the Property[1] are exactly as set forth in the 2011 foreclosure judgment entered by the Maine District Court in People's United Bank v. Everest, et al., No. RE-10-244 (Bidd. Me. Dist. Ct. March 22, 2011) ("Senior Judgment"). Under the Senior Judgment, Bank of America is in first position as the assignee of People's United Bank. The State of Maine, Maine Revenue Services is in second position by virtue of its tax lien. The Trustee is entitled to receive the surplus proceeds of sale. The Appellate Decisions require a declaration that Bank of America's junior mortgage ("Junior Mortgage") against the Property has been terminated and Bank of America's junior foreclosure judgment ("Junior Judgment") has been completely superseded by the Senior Judgment. Thus, Bank of America does not have a "continuing lien" or any other rights against the Property or its proceeds on account of the Junior Mortgage or Junior Judgment. See Howison, 2014 U.S. Dist. LEXIS 75125, 17.

Bank of America claims that it is not required to sell the Property—ever. Its position is unsupportable under the Senior Judgment, this Court's precedent, and 14 M.R.S. § 6323 which all mandate otherwise. Now that the Appellate Decisions have established the rights of the parties to the Property and its proceeds; this Court must give the Senior Judgment the full faith and credit required by 28 U.S.C. § 1738, and

---

[1] As used herein the term "Property" shall mean the real property that is the subject of this adversary proceeding located at 18 Barbara's Way, Kennebunkport, Maine.

compel Bank of America to sell the Property in a commercially reasonable manner without further delay.

At the May 12, 2015 status conference, Bank of America questioned this Court's jurisdiction to enter judgment as requested by the Trustee. Like Bank of America's other arguments, this objection is not well-founded. The parties consented to this Court's jurisdiction. [Stip. ¶ 7.] The parties' consent provides this Court with jurisdiction to enter judgment in this case even as to so-called "Stern claims." See Wellness Int'l Network, Ltd. v. Sharif, 575 U. S. ____, Slip Op. No. 13–935  at 2 (May 26, 2015). In Sharif, the Supreme Court resolved any lingering questions over the Bankruptcy Courts' jurisdiction to enter final judgment on a Stern claim with the parties' consent. The Supreme Court resolved the issue in favor of the Bankruptcy Court's consent jurisdiction, holding that "that Article III is not violated when the parties knowingly and voluntarily consent to adjudication by a bankruptcy judge." Id.  Bank of America knew that a forced sale of the Property was at issue in this case. It has been clear from the start that the Trustee's objective was the sale of the Property so that he could obtain the proceeds to which he is entitled. Indeed, this Adversary Proceeding was consolidated with the Trustee's Motion to Sell the Property under 11 U.S.C. § 363. Bank of America consented to this Court's jurisdiction nevertheless. It is beyond legitimate dispute that this case is properly before this Court for entry of a final judgment.

Under 28 U.S.C. § 2202 and 11 U.S.C. § 105(a), justice requires the Court to grant the Trustee supplemental relief in the form of an injunction compelling Bank of America to conduct a commercially reasonable public sale of the Property within sixty days of the entry of this Court's Judgment. Bank of America must also be ordered to turn over the surplus proceeds of sale to the Trustee under 11 U.S.C. § 541(a).[2] If Bank of America fails to conduct the sale within this time, the Trustee asks the Court to empower him to sell the Property as Bank of America's attorney-in-fact and to recover his costs and attorneys' fees from Bank of America's interest in the Property under 11 U.S.C. § 506(c).

ARGUMENT

**1.     The Court Is Required To Give The Senior Judgment Full Faith & Credit And Order Bank of America To Sell The Property In Compliance With The Senior Judgment.**

In the aftermath of the Appellate Decisions, the Trustee has won a Declaratory Judgment that determines, <u>inter alia</u>, that Bank of America's Junior Mortgage and Junior Judgment no longer encumber the Property. The Senior Judgment conclusively governs all rights of the parties, is entitled to full faith and credit, and now must be enforced by this Court under 28 U.S.C. § 1738.

Count II of the Trustee's Complaint seeks an order directing Bank of America to turn over the proceeds of the sale of the Property to the Trustee under 11 U.S.C. § 541(a). Thus, the Trustee asks this Court to enforce the Senior Judgment, enter judgment

---

[2] Maine Revenue Services has tentatively agreed that its distribution shall be paid to the Trustee with its tax lien attaching to the proceeds.

compelling Bank of America to sell the Property under 28 U.S.C. § 2202 and 11 U.S.C. § 105(a) and order Bank of America to turn over the surplus sale proceeds to the Trustee under 11 U.S.C. § 541(a).

**A.    Bank of America's Junior Mortgage and Junior Judgment Have Been Extinguished By The Senior Judgment.**

The Appellate Decisions establish the Senior Judgment extinguished the Junior Mortgage and Junior Judgment. See Howison, 2014 U.S. Dist. LEXIS 75125, 17 (holding "[w]hat are the consequences of [Bank of America's] default? Certainly any lien it had on the Property disappeared according to the statute"). Accordingly, Bank of America is not entitled to a distribution of proceeds from the sale of the Property on account of the Junior Mortgage or Junior Judgment. Bankr. Estate of Everest, ¶ 1. ("The junior mortgagee who failed to appear in the senior foreclosure and was not named as a distributee in the resulting judgment does not have any rights to the excess proceeds from that foreclosure sale.") The remaining interests in the Property are "governed by the judgment of foreclosure in the senior foreclosure case." Id. (citing 14 M.R.S. § 6234).

Incredibly, Bank of America refuses to sell the Property under the Senior Judgment, arguing that it cannot be compelled to take action. To the contrary, as the mortgagee under the Senior Judgment, it must sell the Property because

> *in a civil foreclosure a public sale is inevitable*: the statute mandates it. *See* [14 M.R.S.]§ 6323. The mortgagee must conduct a foreclosure sale. Furthermore, accounting to the court and the mortgagor is mandatory and the mortgagee's rights to any proceeds and a deficiency claim are delimited. Such responsibilities are absolute and unavoidable*.

5

Schinck v. Stephens (In re Stephens), 221 B.R. 290, 297 (Bankr. D. Me. 1998).

If Bank of America refuses to do what is required by the Senior Judgment, this Court must compel its compliance by granting supplemental relief to the Trustee under 28 U.S.C. § 2202, and by using its powers under 11 U.S.C. § 105(a) to enforce the Senior Judgment. Under 28 U.S.C. § 2202 "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." This means that the relief eventually sought need not have been demanded, or even proven, in the original action for declaratory relief. Edward B. Marks Music Corp. v. Charles K. Harris Music Publ'g Co., 255 F.2d 518, 522 (2nd Cir. 1958). Once the trial court declares the parties' rights, "[a] declaratory judgment can then be used as a predicate to further relief, including an injunction." Powell v. McCormack, 395 U.S. 486, 499 (1969) (citing 28 U.S.C. § 2202).

More than four years have passed since the entry of the Senior Judgment and the parties' rights in the Property and its proceeds have been established conclusively. Bank of America has refused to comply with the Senior Judgment since 2011 and has stated on serial occasions that it does not deem itself bound to ever comply with the Senior Judgment. An injunction compelling Bank of America to sell the Property is the only appropriate remedy. Any further delay in this case would be unjust.

**2.     Bank of America's Arguments To The Contrary Are Barred By The Law Of The Case.**

Bank of America intends to raise new arguments on remand. This Court cannot hear them because the law-of-the-case doctrine cabins what this Court can consider at this stage of the proceedings. United States v. Connell, 6 F.3d 27, 30 (1st Cir. 1993). "The doctrine of the law of the case directs that a decision of an appellate court on an issue of law, unless vacated or set aside, governs the issue during all subsequent stages of litigation in the *nisi prius* court and thereafter on any further appeal." Commercial Union Ins. Co. v. Walbrook Ins. Co., 41 F.3d 764, 769 (1st. Cir. 1994) (citation omitted). Accordingly, the Appellate Decisions "constitute[] the law of the case on such issues of law as were actually considered and decided by the appellate court[s], or as were necessarily inferred from the disposition on appeal." Id., 41 F.3d at 770 (emphasis added). This court "must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces."Connell, 6 F.3d at 30.

At the May 12, 2015 status conference, Bank of America's counsel indicated that Bank of America intends to argue that the Junior Mortgage continues to encumber the Property, that it has redeemed the Property from the Senior Mortgage under 14 M.R.S. §§ 6205 and 6223, and that it may proceed to a sale under the Junior Mortgage should it choose to do so. These arguments are frivolous and are contrary to the Appellate

Decisions. It is impossible to redeem a mortgage or sell a parcel of real property under a junior foreclosure judgment that no longer exists.

Moreover, Bank of America waived these new arguments by its failure to raise or fully develop them at the earlier stages of this case. Bank of America failed to preserve its redemption argument by not raising the issue in its briefs to this Court or the U.S. District Court on appeal. Likewise, these issues could have been raised to the Maine District Court in connection with Bank of America's 2011 Rule 60(b) motion. Bank of America is not allowed to mount a new collateral attack against the Senior Judgment. Willette v. Umhoeffer, 268 A.2d 617, 618-9 (Me. 1970) (holding that a court's decision on a collateral attack of a judgment is res judicata and bars future collateral attacks even on grounds that were not previously asserted); see also Royal Coachman Color Guard v. Marine Trading & Transp., Inc., 398 A.2d 382, 384 (Me. 1979) (same).

The law-of-the-case-doctrine prevents the "wastefulness, delay, and overall wheel-spinning" that Bank of America intends to offer up. Connell, 6 F.3d at 30. The U.S. District Court and the Law Court could not be clearer. "[A]ny rights Bank of America had in the property vis-à-vis the junior foreclosure disappeared." Bankr. Estate of Everest, ¶ 21 (emphasis added). "The remaining interests in the property are governed by the judgment of foreclosure in the senior foreclosure case." Id., ¶ 22. Bank of America cannot redeem a mortgage or execute upon a judgment that no longer exists.

3.      **Bank of America's Redemption Argument Fails On The Merits.**

Alternatively, Bank of America's redemption argument fails on the merits. In order to redeem a property from a prior mortgage under 14 M.R.S. § 6205, a junior mortgagee must make its request, in writing "<u>before</u> the right of redemption from such prior mortgage has expired." <u>Id</u>. (emphasis added). The parties have stipulated that the 90-day redemption period under the Senior Judgment expired on June 20, 2011. The parties have also stipulated that People's United Bank assigned its interests to Bank of America on July 21, 2011. Nothing in the record supports a determination that Bank of America redeemed the Property prior to June 20, 2011. July 21 was too late. Moreover, Bank of America stipulated to the record before this Court. If Bank of America had intended to argue that it had redeemed the Property, it was required to demand a trial on that question. At this late date, Bank of America cannot re-characterize the assignment of the Senior Mortgage from People's United Bank to it as a statutory redemption. The time to make that argument has long passed.

Even if Bank of America had attempted to redeem within the 90-day redemption period, it lacked standing to do so. In order to redeem a property from a senior mortgage under section 6205, the redemption request "must be made by or in behalf of one *holding an interest, subject to the mortgage*." <u>Silsby v. Better Homes, Inc</u>., 270 A.2d 444, 446 (Me. 1970) (emphasis in original). The Senior Judgment extinguished Bank of

America's interest in the Property. Without an interest in the Property, Bank of America had no right to redeem it under section 6205.

CONCLUSION

The Appellate Decisions require that this Court enter a Declaratory Judgment in favor of the Trustee holding that Bank of America's Junior Mortgage and Junior Judgment have been extinguished. Bank of America does not have a continuing lien, or any other interest in the Property on account of the Junior Judgment or the Junior Mortgage. Now that the rights of the parties have been established conclusively, the Trustee is entitled to have this Court give the Senior Judgment full faith and credit and asks this Court to compel Bank of America to sell the Property under the Senior Judgment, 14 M.R.S. § 6323, 11 U.S.C. § 105 and 28 U.S.C. § 2202.

Injunctive relief is necessary because Bank of America has refused to comply with the Senior Judgment. The time for Bank of America's thread-bare arguments has passed. It has lost this case, and this Court should not tolerate any further delay. If Bank of America will not sell the Property promptly, this Court should appoint the Trustee as Bank of America's attorney-in-fact to do so.

Dated at Portland, Maine this 26th day of May, 2015

/s/    Aaron P. Burns
Aaron P. Burns, Esq.
Joshua R. Dow, Esq.
Counsel to the Trustee

Pearce & Dow, LLC
Two Monument Square, Suite 901
P.O. Box 108
Portland, Maine 04112-0108
(207) 822-9900
aburns@pearcedow.com
jdow@pearcedow.com