UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br>John B. Everest and Susan E. Everest,<br>　　Debtors | Chapter 7<br>Case No. 10-21181-PGC |
| William H. Howison, Chapter 7 Trustee,<br>　　Plaintiff,<br>v.<br>Bank of America, N.A., et al.<br>　　Defendants | Adversary Proceeding<br>Case No. 12-02034-PGC |

**TRUSTEE'S REPLY BRIEF**

In its brief dated May 26, 2015, Bank of America cavalierly treats the Appellate Decisions[1] as an academic discussion, and not the mandate of a supervisory appellate court which this Court is obliged to follow. According to Bank of America, no matter what the U.S. District Court and the Law Court have ruled, it has redeemed the Property and this case is over. Its arguments are completely meritless in light of the Appellate Decisions which hold that no equity of redemption under the Senior Judgment exists and that the Junior Mortgage has been terminated.

As the saying goes, hindsight is 20/20. Perhaps Bank of America would have fared better if it had pressed its arguments in front of the Maine District Court in its

---

[1] Defined terms have the same meaning set forth in the Trustee's Brief dated May 26, 2015. [D.E. 66].

1

Rule 60(b) Motion, or to Judge Haines in the first instance, or even to Judge Hornby after that. Those opportunities have all passed. "Parties cannot use the accident of remand as an opportunity to reopen waived issues." <u>Mirfasihi v. Fleet Mortg. Corp.</u>, 551 F.3d 682, 685 (7th Cir. 2008). The Trustee urges the Court to reject Bank of America's proposed order and strained argument. This Court should bring this case to a speedy conclusion by enforcing the Senior Judgment and ordering Bank of America to sell the Property, or by authorizing the Trustee to sell the Property as Bank of America's attorney-in-fact, as set forth in the Trustee's proposed form of order.

### ARGUMENT

**1. The U.S. District Court Has Already Rejected Bank of America's Effort To Limit The Scope Of The Mandate.**

The Trustee previously addressed the application of the law-of-the-case doctrine and the mandate rule in his brief-in-chief and he will not repeat those arguments here. Bank of America's interpretation of the Appellate Decisions would violate the mandate rule and must be rejected.

Bank of America's arguments are a thinly-veiled attempt to get this Court to ignore the U.S. District Court's 17-page opinion and only give effect to the narrower issue answered by the Law Court. This is not the first time that Bank of America has attempted this ploy. It made the same pitch to the U.S. District Court and was firmly rebuffed. Judge Hornby held:

2

In a telephonic hearing on March 23, 2015, Bank of America asked that the bankruptcy court on remand be directed only to the Law Court's opinion, not this court's preceding opinion. As the appellate court in this matter, I decline to "erase" my reasoning. I am confident that the bankruptcy judge on remand, if presented with a specific controversy (I am not so presented), can determine whether anything stated in my earlier opinion requires re-evaluation in light of the Law Court's opinion.

March 23, 2015 Judgment [D.E. 58]

The U.S. District Court rejected the crabbed reading of its Judgment that Bank of America recommends to this Court, and it flat-footedly refused to "erase" its reasoning when so requested. Id. The U.S. District Court left no doubt that the Decision and Order on Bankruptcy Appeal is a part of its mandate, and that it must be followed. See Commercial Union Ins. Co. v. Walbrook Ins. Co., 41 F.3d 764, 770 (1st Cir. 1994) (holding "[w]hen the reviewing court, in its mandate, prescribes that a court shall proceed in accordance with the opinion of the reviewing court, it incorporates its opinion into its mandate.")

The U.S. District Court made a de novo determination that Bank of America's Junior Mortgage interest has been terminated. See Howison v. Bank of Am., N.A., 2014 U.S. Dist. LEXIS 75125 (D. Me. June 2, 2014). The Law Court confirmed that view. Bank of America's miserly reading of the Appellate Decisions was rejected by Judge Hornby and likewise fails here.

**2.     This Case Is Not Moot.**

Bank of America insinuates that this case is moot. This argument is frivolous. It rests this argument on the U.S. District Court's Order to Show Cause, and conveniently ignores the fact that the U.S. District Court determined that this case presents a live controversy. If Bank of America believed that this case was moot, it should have pressed an argument when Judge Hornby issued the Order to Show Cause and prosecuted an appeal to the United States Court of Appeals for the First Circuit if that objection failed. It did neither.

**3.     The Appellate Decisions Preclude Bank of America's Redemption Argument.**

The Appellate Decisions held that Bank of America's Junior Mortgage has been terminated and that Bank of America has no rights under it. Bank of America disregards these clear holdings and presses a disingenuous and illogical argument that it has in fact "redeemed" its Junior Mortgage under 14 M.R.S. §§ 6205 & 6323 and can therefore ignore the Appellate Decisions as a result.

This argument is stunning for its casual disregard of the clear language of the Appellate Decisions. As the Trustee pointed out in his brief-in-chief, Bank of America's redemption argument fails on the merits. Moreover, even if Bank of America had redeemed the Property, why would that matter? It would only obtain the rights that Peoples' United Bank had — the rights, and duties under a foreclosure judgment that had terminated its Junior Mortgage in the Property, obligated it to sell the Property and

4

pay proceeds to Maine Revenue Services and the mortgagor. Under Maine law, "an assignee has no greater rights than his assignor." Bank of Am., N.A. v. Greenleaf, 2014 ME 89, ¶ 34, 96 A.3d 700, 713 (quoting Sturtevant v. Town of Winthrop, 1999 ME 84, n.4, 732 A.2d 264, 267). When People's United Bank assigned the Senior Judgment to Bank of America, the Senior Judgment had already stripped the Junior Mortgage from the Property. People's United Bank had no authority to reinstate the Junior Mortgage under the Senior Judgment and could not assign that right to Bank of America.

Furthermore, the Law Court held that "Bank of America also did not exercise any right of redemption it might have had despite its default….Pursuant to section 6323, when the period of redemption for the senior foreclosure expired, no equity of redemption remained with the property. Therefore, any rights Bank of America had in the property vis-à-vis the junior foreclosure disappeared." Bankr. Estate of Everest v. Bank of Am., N.A., 2015 ME 15, ¶ 21 (emphasis added).

Not only did the equity of redemption expire, the Senior Judgment terminated the Junior Mortgage. "It is a fundamental principle of mortgage law that a valid judicial foreclosure of a senior mortgage terminates not only the owner's title and equitable redemption rights, but also all other junior interests whose holders were made parties defendant." Id. ¶ 21 (quoting Restatement (Third) of Prop.: Mortgages § 7.1 (1997)).

Thus, Bank of America has no good faith basis to disregard the Appellate Decisions by virtue of a supposedly self-effected redemption of the Property. The Law

Court has held clearly that it has no right of redemption and that the Junior Mortgage no longer exists.[2]

**4.      Bank of America Waived Its Redemption Argument.**

In the alternative, Bank of America has waived its redemption argument. Bank of America's redemption argument goes to whether it should be entitled to relief from the Senior Judgment in the first instance. It makes the argument far too late. It was required to raise this argument to the Maine District Court on its Rule 60(b) motion back in 2011 and it is now precluded from doing so by res judicata. See Willette v. Umhoeffer, 268 A.2d 617, 618-9 (Me. 1970).

Even if this argument were not precluded by Bank of America's failed collateral attack on the Senior Judgment, Bank of America has certainly waived it by its failure to develop it in its briefing to Judge Haines or the U.S. District Court on appeal. The "raise-or-waive rule can neither be ignored nor brushed aside as a pettifogging technicality or a trap for the indolent." Muniz v. Rovira, 373 F.3d 1, 4 (1st Cir. 2004) (citation omitted). Moreover, "[a] trial court is not an appellate court of second resort, where disgruntled parties are free on remand to try out or refloat arguments on the matters before the appellate court that the higher court never considered or expressly

---

[2] Bank of America also indicates that this Court should certify this argument back to the Law Court. Certification would be completely improper as Bank of America neither preserved its redemption argument, nor shown that argument to be dispositive.

rejected." Nulankeyutmonen Nkihtaqmikon v. Impson, 573 F. Supp. 2d 311, 317 (D. Me. 2008).

Bank of America's belated effort to raise its redemption argument to the Law Court in connection with the certified question was too late then, and does not aid it now. The fact that the Maine Law Court refused to address an argument which was not properly before it does not mean that the issue is preserved for this Court to decide. It means that Bank of America has waived it.

The Law Court noted

> In its brief to us, Bank of America also argues that, as the now-senior mortgagee, it could allow itself, as the junior mortgagee and holder of the equity of redemption, to redeem the senior mortgage pursuant to 14 M.R.S. § 6323 (2014) which allows '[t]he mortgagee, in its sole discretion, [to] allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale.' This question is not before us. We have been called upon only to determine Bank of America's rights to 'excess proceeds' from the senior foreclosure sale, and we do not reach the issue of Bank of America's rights pursuant to section 6323.

Bankr. Estate of Everest, 2015 ME 15 n. 1.

The Law Court declined to address Bank of America's unpreserved argument because the U.S. District Court did not certify it. The U.S. District Court did not certify the question to the Law Court because Bank of America never developed its redemption argument to the U.S. District Court or to Judge Haines in the first place. This remand is not an opportunity for Bank of America to resurrect waived arguments, especially ones with no merit. Mirfasihi, 551 F.3d at 685.

**5. 14 M.R.S. § 6323 And The Senior Judgment Require The Sale Of The Property.**

Bank of America argues that the Senior Judgment is "stale" therefore it cannot be required to sell the Property thereunder. This is nonsense. There is no statute of limitations which limits the time to enforce a judgment under Maine law. <u>Cloutier v. Turner</u>, 2012 ME 4 ¶ 9, 34 A.3d 1146. In <u>Cadle Co. v. LCM Assocs.</u>, 2000 ME 73, ¶ 9, 749 A.2d 150, 153, the Law Court held that the only consequence of the mortgagee's failure to comply with section 6323 is that a deficiency judgment is precluded. A deficiency judgment is not in the offing in this case. The mortgagee's failure to comply with the sale deadlines does not relieve it of its duties under the foreclosure judgment. <u>See id.</u> Moreover, in <u>Cadle Co.</u>, the Law Court held that the time limits in section 6323 are for the mortgagor's protection, not the mortgagee's. <u>See id.</u> Bank of America cannot invoke the time limits under section 6323 as a defense to its failure to sell the Property as required under section 6323. <u>See id.; see also</u> <u>United States v. Harriman</u>, 851 F. Supp. 2d 190, 194 (D. Me. 2010) (holding that the failure to comply with statutory deadlines to publish notices of sale is not grounds to set aside a foreclosure judgment).

**6. This Court Can Compel Bank Of America To Sell The Property.**

Bank of America argues in a footnote that "[t]here is nothing in Maine law that allows a mortgagor/debtor to compel a mortgagee to force a sale of the property." Bank of America's position ignores both the United States Bankruptcy Code, and the plain language of the Maine foreclosure statute at issue—14 M.R.S. § 6323. Section 6323

provides that "[t]he mortgagee <u>shall</u> sell the premises to the highest bidder at the public sale." <u>Id</u>. (emphasis added). "Shall" is a defined term under the Maine Revised Statutes, it "indicate[s] a mandatory duty, action or requirement."1 M.R.S. § 71 (9-A). The statute itself mandates the sale of the Property. See <u>In re Stephens</u>, 221 B.R. 290, 297 (Bankr. D. Me. 1998) (construing section 6323). Quite the opposite of Bank of America's misreading, there is no discretion for the mortgagee to do otherwise. The sale process is intended to provide "protection against a self-dealing mortgagee." <u>Cadle Co.</u>, ¶ 9, 749 A.2d at 153. It is beyond rational dispute that the Trustee has standing to enforce the Senior Judgment and the sale requirements of 14 M.R.S. § 6323 under 11 U.S.C. § 541(a)

Moreover, the Bankruptcy Code provides the Trustee with remedies to compel the sale of the Property that are distinct from State law. Under section 541, the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." <u>In re M.W. Sewall & Co.</u>, 431 B.R. 526, 529 (Bankr. D. Me. 2010). The debtor's right to receive surplus proceeds is property of the bankruptcy estate under 11 U.S.C. § 541.

Count II of the Trustee's Complaint asks this Court to compel Bank of America to turn over the surplus proceeds of the sale of the Property under 11 U.S.C. § 542. Under section 542(a) of the Bankruptcy Code, Bank of America is required to "deliver to the trustee and account for, such property, or the value of such property unless such property is of inconsequential value or benefit to the estate." Here, because the parties

9

have stipulated that there are consequential surplus proceeds to be had, Bank of America is obligated to sell the Property as required by the Senior Judgment and to deliver the sale proceeds to the Trustee. Otherwise, this Court should authorize the Trustee to sell the Property and distribute the proceeds of sale in accordance with the Senior Judgment.

**7.    Bank of America Should Not Be Allowed To Supplement The Record.**

Bank of America requests to supplement the factual record with a proffer to show that it has redeemed the Junior Mortgage. Bank of America's flimsy justification for its request to supplement the record is the "retention of separate Counsel, and most importantly, the obtaining of transaction documents from the loan servicer involved in the actual redemption." The Trustee objects to the proffer.

This can be disposed of quickly. As pointed out above, this issue has already been decided and cannot be revisited in light of the U.S. District Court's mandate. Moreover, there is no basis to allow Bank of America to supplement the record with evidence that was indubitably within its control which it could have proffered back in 2013. Bank of America waived its right to introduce this evidence when it failed to include it in the stipulated record, or otherwise request an evidentiary hearing before Judge Haines issued his Final Order in November 2013.

## CONCLUSION

Bank of America's brief raises unserious arguments in an apparent effort to confuse the issues and delay the Court from bringing this three-year old adversary proceeding to its logical and inevitable conclusion — the sale of the Property and the distribution of the proceeds as ordered by the Senior Judgment in 2011. This case has gone on long enough. The Trustee urges the Court to reject Bank of America's frivolous arguments, and its proposed order, and enter the Trustee's proposed form of order granting the Trustee a Declaratory Judgment and Supplemental Relief.

Dated at Portland, Maine this 2nd day of June, 2015

/s/ Aaron P. Burns
Aaron P. Burns, Esq.
Joshua R. Dow, Esq
Counsel to the Trustee

Pearce & Dow, LLC
Two Monument Square, Suite 901
P.O. Box 108
Portland, Maine 04112-0108
(207) 822-9900
jdow@pearcedow.com
aburns@pearcedow.com