1

```
 1                  UNITED STATES BANKRUPTCY COURT
                          DISTRICT OF MAINE
 2
    IN RE:                                )
 3                                        )
    JOHN BERNARD EVEREST and              )          Chapter 7
 4  SUSAN EVELYN EVEREST                  )     Case No. 10-21181
    _____)
 5
    HOWISON, CHAPTER 7 TRUSTEE v.         )
 6  BANK OF AMERICA, et al                )     Case No. AP 12-02034

 7              BEFORE THE HONORABLE PETER G. CARY

 8  APPEARANCES:

 9  Chapter 7 Trustee:               William Howison, Esq.

10  For Chapter 7 Trustee:           Aaron Burns, Esq.
                                     Joshua Dow, Esq.

11  For Maine Revenue Services:      Thomas Knowlton, Esq.
                                     Kevin Crosman, Esq.
12
    For Bank of America:             William A. Fogel, Esq.
13
                                     Mr. Hardiman
14
                            Portland, Maine
15                           June 9, 2015

16

17

18

19

20

21

22

23

24

25

                        BROWN & MEYERS REPORTING
                             207-772-6732
```

1        (Requested portion only, 19:33 - 27:15)

2        THE COURT:  So if I could just jump in there, even if

3    waiver fails, I've got everything I need before me to make

4    a final decision on this, correct?  I have the stipulated

5    record, I have the instruction from Judge Hornby, I have

6    the instruction from the Law Court.  I've got everything I

7    need.

8        MR. FOGEL:  Well, Your Honor, I would respectfully

9    say that you don't have what you need because the facts

10   and circumstances around the acceptance of money by the

11   senior mortgage holder is a compelling fact that was not

12   argued before Judge Hornby because I think that the

13   hearing on the day when he made his ruling that the

14   proceeds would -- would be distributed in a way -- it

15   would -- I think that hearing and the arguments would have

16   gone a lot different.  And to assume how that would have

17   been found and now that the arguments -- now that the

18   issues are brought into clear relief on remand, I think

19   that the Bank of America needs to have the opportunity to

20   focus in on the issue of the acceptance of money, how it

21   was tendered, by whom it was tendered so that the record

22   can be clear on the issue of redemption.

23       But they all -- and -- and the -- the parties are

24   using every legal axiom in the book to give that argument

25   short shrift.  The issue before the Court then is

1   different than the issue before the Court now.  I disagree

2   with what is being depicted at the -- as the state

3   District Court's finding.  It is clear from the state

4   District Court's finding that the 60B motion was a

5   suboptimal procedural device to raise these issues.

6           THE COURT:  Sure, a failed approach.  Judge --

7           MR. FOGEL:  It was the wrong procedure.

8           THE COURT:  Yeah, Judge Janelle ruled against it, and

9   I --

10          MR. FOGEL:  Yes, and it was the wrong procedure.

11  Judge Janelle's ruling, which -- in -- in his court, Mr.

12  Dow and Mr. Burns did a terrific job.  Again, I wasn't

13  there to see it.  They honed in on the 60B elements and

14  were able to persuade the Judge that the 60B elements did

15  not exist.  Fine.

16          The issue of whether the judgment is to be vacated or

17  not is not -- that's not the issue before us.

18          THE COURT:  Was that issue appealed?  Was that --

19  Judge Janelle's issue -- decision appealed?

20          MR. FOGEL:  There was an attempt to appeal it.  That

21  didn't work.

22          THE COURT:  Right.

23          MR. FOGEL:  Judge Janelle --

24          THE COURT:  -- done, right?

25          MR. FOGEL:  Judge Janelle's order is done.

1         THE COURT:  Right.

2         MR. FOGEL:  However, I read Judge Janelle's order

3    differently than my colleagues do, and my read of Judge

4    Janelle's order is that a 60B motion -- the judgment -- the

5    state court judgment cannot be vacated.  My position before

6    the Law Court, my position throughout, and actually Bank of

7    America's position way back in the first -- in the first

8    answer in this matter was that the issue of redemption and

9    waiver is extrajudicial.  It is axiomatic in Maine

10   foreclosure law that when the foreclosing party takes

11   money, their foreclosure's waived.  They can't take money.

12   That's why they can't take money after the 35-day letter.

13   That's why they can't take money during the redemption

14   period.  And my --

15        THE COURT:  I got to jump in, okay, just for a sec.

16        MR. FOGEL:  Sure.

17        THE COURT:  This was teed up before Judge Haines --

18   the whole case was teed up before Judge Haines based on

19   stipulations, correct?

20        MR. FOGEL:  Yes.

21        THE COURT:  Okay.  So Judge Haines had the power, this

22   Bankruptcy Court had the facts and the -- the jurisdiction

23   and power to rule on the dispute between the parties,

24   correct?

25        MR. FOGEL:  Yes.

1        THE COURT:  Okay.  It did.  And one party didn't like

2    it, appealed it, and the Appeals Court has determined that

3    I should view this differently, has given me instructions

4    on how to view it.  Why do I need -- I'm at a loss as to

5    why the record should be opened to permit anything further,

6    anything further.  Why can't I rely on those stipulations,

7    the pleadings in this case, and the appeal decision?  I

8    guess --

9        MR. FOGEL:  Because the only -- the only items reached

10    by the appeal decisions were the right of Bank of -- the

11    right of Bank of America as junior to have a lien on the

12    proceeds of this particular hypothetical foreclosure sale.

13    That was what was -- that was what was ruled upon.  Did he

14    have the power to make other rulings?  Yes, he did, but he

15    didn't make those rulings.  So now here we are and we have

16    issues clarified by both -- by both the Appellate Court and

17    by the -- and by the Law Court.  And we have new counsel

18    for Bank of America, and new counsel for Bank of America is

19    before this Court saying, Your Honor, this was not

20    emphasized at this previous hearing, I would like to

21    proffer evidence of the money that was paid to PUB, from

22    whom it came, how it was booked so that I can appropriately

23    argue what is, in my view, also clear statutory language

24    from the state which is that the mortgagee has sole and

25    absolute discretion to reinstate, to redeem, and to waive

```
 1      the foreclosure and, as a matter of law outside,

 2      extrajudicially that is what occurred.

 3           THE COURT:  Okay, so let me clarify the scope of

 4      today.  I'm not persuaded by the argument that evidence

 5      should be reopened at all.  I believe I can make a decision

 6      based on the stipulations, the appeal decisions, and am

 7      planning to do so.  So I'm not going to allow additional

 8      evidence in.  I'm not going to take notice of that.  I'm

 9      not sure it would even make a difference even if I did

10      based on the history and travel of the case.  And where I'm

11      -- the road I'm marching down is the road that I sort of

12      displayed when I was -- revealed when I was speaking to Mr.

13      Dow is that I believe that the appeal decisions have told

14      me what to do and that the stipulated record provides the

15      facts that I need to get there.

16           And the one last issue, the only issue that I have

17      open in my mind because I believe all other issues have

18      either been waived, addressed, or I can address now and

19      will, is whether or not I should compel the sale.  And I'm

20      happy to hear you on that issue.

21           (Requested portion only, 38:44 - 44:38)

22           THE COURT:  -- administered in this state, and I think

23      that I got a statute that has mandatory language: shall

24      have a sale.

25           MR. FOGEL:  Your Honor, as you've pointed out, there
```

1   is no Maine law, Maine state law.  So let me -- let me go

2   back and address one of the items that you've -- you've

3   just mentioned which is that the issue of 6323 and -- and

4   the extent of the Bank of America's discretion as senior

5   mortgage and, in fact, an examination of what PUB did as

6   the senior mortgagee in accepting money, that that's gone,

7   that's not before you.

8           THE COURT:  -- is before me.  I'm -- I'm viewing that

9   it's waived or decided or that it's not going to make any

10  decision --

11          MR. FOGEL:  And so that -- so that --

12          THE COURT:  I'm sorry, not make any decision on -- on

13  whether or not to change those first three parts of -- of

14  my ruling.

15          MR. FOGEL:  And so that -- that the Bank of America's

16  position on the record can be clear, we do not believe that

17  those issues were reached.

18          THE COURT:  Fair enough.

19          MR. FOGEL:  And we do not believe that they were

20  decided.  And as a proffer, okay, I want to -- I want to

21  expand just briefly at a -- at a time that the Court thinks

22  is appropriate, and it may be in a few minutes --

23          THE COURT:  No.

24          MR. FOGEL:  Fine.  The proffer will be that the

25  servicer, the -- the new -- there was a service transfer of

1      -- of --

2          THE COURT:  I'm sorry --

3          MR. DOW:  Your Honor --

4          THE COURT:  -- one second, Mr. Dow.  Are you about to

5      proffer the facts concerning the payment that was made

6      earlier?

7          MR. FOGEL:  Yes.

8          THE COURT:  Okay.  So what I'm saying is that all the

9      facts, the record for more evidence, is closed.

10         MR. FOGEL:  I understand that.

11         THE COURT:  So -- so I don't need to hear the proffer.

12         MR. FOGEL:  I understand.  Fine.

13         THE COURT:  Okay.  But -- but for appeal -- appeal

14     rights, you're preserving it, you've got it on the record,

15     the Judge has made -- has made a determination that he

16     doesn't need to hear the proffer.  The proffer was explained

17     in your papers, correct?

18         MR. FOGEL:  It was.

19         THE COURT:  Andi -- and I read it, but -- but before I

20     finish, I'm going to allow Mr. Dow a word.

21         MR. DOW:  Well, Your Honor, I was just going to renew

22     the Trustee's objection to the proffer.  I think Your Honor

23     has -- has dealt --

24         THE COURT:  Okay, so -- and that makes us -- that --

25     that's out.

1      MR. FOGEL:  And the -- the status of where all the
2  parties were and what was decided, the Court has also said
3  that the rights -- the -- the -- the Court's interpretation
4  are that all rights that the Bank of America had as second
5  mortgagee are gone.
6      THE COURT:  Well -- well, are you saying I'm saying
7  that?
8      MR. FOGEL:  I believe that's what you just said.
9      THE COURT:  What I'm -- I'm going to -- I'm going to
10  say it more exactly.  I'm going to say exactly what I'm --
11  I'm concluding on that basis, and that is --
12      MR. FOGEL:  That -- that's --
13      THE COURT:  Let me just --
14      MR. FOGEL:  -- that would be helpful, thank you.
15      THE COURT:  Yeah, yeah.  That pursuant to the appeal
16  decisions which are three -- Judge Hornby's decision of
17  June 2, 2014; Judge Hornby's decision of March 23, 2015;
18  the Law Court's decision of March 3, 2015 -- those three
19  decisions instruct me, and I conclude, that once the period
20  of redemption for the senior foreclosure expired, no equity
21  of redemption remained with the property and, therefore,
22  Bank of America's -- any rights Bank of America had in the
23  property vis-à-vis the junior foreclosure disappeared.  So
24  --
25      MR. FOGEL:  Thank you, that -- that is clear.

1        THE COURT: Okay, thank you.

2        MR. FOGEL: And again, I'm -- I am not intending to be

3    disrespectful of the Court's reasoning. I have been met

4    with issues of waiver, and I want to be very clear that I

5    not create any additional issues of waiver.

6        THE COURT: Fair enough.

7        MR. FOGEL: The Bank of America's position is that the

8    rulings had to do with the Bank of America's right to the

9    proceeds and that the Bank of America had foreclosed on the

10   mortgagor's right of redemption. I think -- I think that

11   is the one thing that all parties agree on is the Bank of

12   America, as junior, foreclosed upon the mortgagor's right

13   of redemption of the senior.

14       THE COURT: Yeah, yeah.

15       MR. FOGEL: I think we actually all have agreement on

16   that. And in that particular status, the Bank of America

17   believes that -- under 6323 that they had the opportunity

18   and, in fact, did execute a redemption which brings all of

19   the extrajudicial items under 6323. We do not believe that

20   Judge Janelle addressed that, that his rulings strictly

21   pertained to the procedural device used to vacate the

22   judgment. Judge Janelle's characterization was they

23   vacated the judgment because it was their judgment and they

24   had a right to -- to vacate it. Judge Janelle clearly did

25   not like that argument. But that -- that in their status

1   as the -- as the owner of the right of redemption, that

2   there are certain things that can take place after the 91st

3   day and before the sale and that that period of time is

4   where the mistakes have taken place in the -- in the

5   adjudication of this case.

6   (Requested portion only, 1:04:39 - end)

7   THE COURT OFFICER: This Bankruptcy Court is in

8   session. Please be seated (inaudible).

9   THE COURT: Thank you. Mr. Fogel, I understand you

10   have a request.

11   MR. FOGEL: I -- when the Court left, I was standing

12   to ask the Court if it would consider a written ruling

13   particularly with regard to those items that it was making

14   a finding of fact and conclusion of law on. So I just want

15   to make sure that I put that request in.

16   THE COURT: Sure. Request is heard, and I'm -- I'm --

17   I'm going to deny it and I'm going to issue a decision

18   right now. I'm going to explain to you why I deny it

19   first. I think -- I think, given the passage of time in

20   this case, given the interest of the bankruptcy estate in -

21   - in liquidating property of the estate, I think that to

22   spend the time to write a decision, though I consider this

23   matter very important and I've spent a lot of time

24   preparing for what will be the oral ruling, would just drag

25   it out even longer. To the point I consider this a very

1    important issue, I've spent a lot of time, as has

2    (Inaudible) and others, looking into this, and so I don't

3    want the record to reflect in any way that the oral

4    decision is cavalierly entered into.  But thank you for

5    your request.  I'm -- I'm going to deny it and issue a

6    ruling today.

7    I want to thank all parties for their briefs and their

8    arguments.  What I'm about to say constitutes my findings

9    of fact and conclusions of law on matters before me by

10   virtue of Judge Hornby's March 25th, 2015 judgment which

11   vacated an earlier order of this Court which was dated

12   November 13th, 2013.  Judge Hornby remanded this matter to

13   me to issue a decision consistent with the decision of the

14   Law Court issued on March 3, 2015 in the bankruptcy estate

15   of John B. Everest v. Bank of America and also consistent

16   with Judge Hornby's June 2, 2014 decision.  Those three

17   decisions -- the March 25th, 2015 decision of Judge Horny;

18   the June 2, 2014 decision of Judge Hornby; and the March 3,

19   2015 decision of the Law Court -- I've referred to today

20   and refer to now as (inaudible) appeal decisions.

21   In addition to the appeal decisions, I've taken into

22   consideration your arguments today; your pleadings,

23   including those recently filed; as well as the May 23, 2013

24   stipulation of the parties.  Based on the above, judgment

25   is entered in favor of the Trustee on all counts in the

1   Trustee's complaint.  The priorities of the parties and the

2   relevant rights of the parties to the proceeds of any sale

3   of the real property located at 18 Barbara's Way or -- Mr.

4   Dow, what number Isabella's Way?

5       MR. DOW:  We're not certain, Your Honor, but we believe

6   it's either 18 or 12.

7       THE COURT:  18 or 12, and is it Isabella's Way?

8       MR. DOW:  Yes, Your Honor.

9       THE COURT:  Isabella's Way or whatever the town of

10  Kennebunk has so designated it -- Mr. Dow?  I mean, I'm

11  sorry, Mr. Burns?

12      MR. BURNS:  It's -- I believe it's Kennebunkport, Your

13  Honor.

14      THE COURT:  Kennebunkport has so designated it -- I'm

15  going to repeat the sentence over so that that delay at

16  least will be off the record -- not off the record, but at

17  least the sentence will be whole.  So based on the above,

18  judgment is hereby entered in favor of the Trustee on all

19  counts in the Trustee's complaint.  The priorities of the

20  parties and the relevant rights of the parties to the

21  proceeds of any sale of the real property located at 18

22  Barbara's Way, 12 or 18 Isabella's Way or however the town

23  of Kennebunkport has designated the property shall be set

24  forth in the Peoples United Bank Judgment of Foreclosure and

25  Order of Sale dated 3/21/11.  Any and all rights the Bank of

1  America had by virtue of the junior foreclosure order in
2  that property, including but not limited to the right of
3  redemption, or in the proceeds of sale that might result
4  from the senior foreclosure action were extinguished by the
5  PUB -- Peoples United Bank Judgment of Foreclosure and Order
6  of Sale and passage of time, appeal rights, etc.

7  Bank of America has raised the argument that by virtue
8  of the interaction of the 6205 and 6323 and its purchase of
9  the first mortgage, that it has effectuated a redemption
10 within the meaning of 6323 and is able to exercise its
11 discretion as mortgagee to, in effect, work out a deal or do
12 something other than proceed forward with the foreclosure
13 sale.  I disagree with this argument.  Based on the -- I
14 disagree with this argument based in part on the language of
15 the foreclosure by civil action statutory structure and the
16 reasons set forth by Judge Hornby on pages -- on page 14 of
17 his June 2014 decision.  Bank of America's not the mortgagor
18 under that statute.

19 As for all other arguments raised by Bank of America, I
20 conclude that, for the reasons set forth earlier on the
21 record, they have all been either waived, addressed by
22 appeal decisions, or disposed of here.  This leaves one
23 unresolved issue: can Bank of America be compelled by me to
24 proceed forward to foreclosure sale under the earlier
25 Peoples United Bank foreclosure order.  I conclude the

1      answer is yes as provided by Section 5.2, Section 105, and

2      the strict language and plain language of 14 M.R.S.A.

3      § 6323.  I will enter a separate foreclosure order

4      memorializing this -- this decision.  I want to thank the

5      parties again.  The Court will be in recess.

6                        (Hearing adjourned)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1           C E R T I F I C A T E

2  I hereby certify that this is a true and accurate transcript of

3  the proceedings, which have been electronically recorded in

4  this matter on the aforementioned hearing date.

5                          _____
                                  D. Noelle Forrest
6                              D. Noelle Forrest, Transcriber

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25